# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TIERRE MOULTON, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:10-CR-0120-SCJ-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:18-CV-1816-SCJ-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Tierre Moutlon's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 107], and the government's motion to dismiss, [Doc. 109]. Because Moulton has not responded to the government's motion to dismiss, it is deemed unopposed. See LR 7.1B, NDGa. For the reasons that follow, it is **RECOMMENDED** that the government's motion to dismiss, [Doc. 109], be **GRANTED**.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a six-count superseding indictment against Moulton charging him in Counts One and Four with carjacking, in violation of 18 U.S.C. § 2119; in Counts Two and Five with using and

carrying a firearm during and in relation to the carjacking counts, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and in Counts Three and Six with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. 11]. Represented by Thomas Hawker of the Federal Defender Program, Inc., Moulton entered a negotiated guilty plea to Counts Four and Five, and the government agreed to dismiss the remaining counts. [Docs. 5; 79]. The Court entered judgment on April 2, 2013, imposing a total sentence of 162 months of imprisonment. [Doc. 102]. Moulton did not file a direct appeal.

On April 25, 2018, Moulton submitted to the Court this pro se § 2255 motion, arguing only that his sentence on Count Five is illegal because federal carjacking is no longer a "crime of violence" after the Supreme Court's recent decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). [Doc. 107 at 4, 12; Doc. 107-1]. The government moves to dismiss this § 2255 motion, asserting that Moulton's sole ground for relief lacks merit. [Doc. 109].

## II. DISCUSSION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." <u>United States v. Frady</u>, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See <u>Diaz v. United States</u>, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

Under § 924(c), it is a federal crime to use or carry a firearm during and in relation to a "crime of violence," which is defined as a federal offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, **or**
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

AO 72A
(Rev.8/82)

18 U.S.C. § 924(c)(3) (emphasis added).  Subparagraph (A) is often referred to as the "elements" or "use of force" clause, and subparagraph (B) is often referred to as the "residual" clause.  In Dimaya, the Supreme Court held that the definition of a "crime of violence" in 18 U.S.C. § 16(b), that statute's "residual" clause, is unconstitutionally vague.  138 S. Ct. at 1211, 1223.  However, the Supreme Court did not address § 16(a), the "elements" clause, but left that portion of the statute intact.  Furthermore, the Eleventh Circuit has held that federal carjacking qualifies as a "crime of violence" under § 924(c)'s "elements" clause.  In re: Smith, 829 F.3d 1276, 1280-81 (11th Cir. 2016).  Accordingly, even if the ruling in Dimaya could be regarded as having invalidated § 924(c)'s "residual clause" as Moulton contends, his conviction would still stand under binding Eleventh Circuit precedent that federal carjacking is a "crime of violence" under § 924(c)'s "elements" or "force" clause.  Id.; see also Grant v. United States, 694 F. App'x 756, 758 (11th Cir. 2017) (per curiam) (holding that the defendant's "argument that carjacking is not a crime of violence under § 924(c)'s force clause is foreclosed by our opinion in Smith").

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit

4

or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Moulton's sole ground for relief, the resolution of the issue presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

### IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that government's unopposed motion to dismiss, [Doc. 109], be **GRANTED**, that Moulton's § 2255 motion, [Doc. 107], be **DISMISSED**, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 26th day of JULY, 2018.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)